IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD E. STAHL, and | ) |
| | ) |
| WILLIAM DEMSAR, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 4:09-cv-712 |
| v. | ) |
| | ) **COMPLAINT FOR** |
| CITY OF ST. LOUIS, MISSOURI, | ) **DECLARATORY JUDGMENT** |
| | ) **AND INJUNCTIVE RELIEF** |
| Defendant. | ) |

**COMPLAINT**

Plaintiffs Donald Stahl and William Demsar, for their complaint against Defendant the City of St. Louis, Missouri, state as follows:

**INTRODUCTION**

1. Plaintiffs engage in peaceful picketing in public *fora* to spread their message that there should be a new, independent investigation of the federal government's involvement in the events of September 11, 2009. In the past they have protested within the City of St. Louis, Missouri, and they would like to engage in pickets within the City again in the future. Plaintiffs are chilled from engaging in peaceful speech in public *fora* within the City of St. Louis because on February 6, 2009, they were arrested for holding a small banner that read "911 was an inside job." Although no charges were ultimately filed, Plaintiffs were handcuffed, taken into custody, and detained for several hours based on the assertion that they had violated the City of St. Louis' ordinance barring the display of any sign (or talking or singing amongst other activities) near a street. The ordinance under which they were arrested, taken into custody, and detained is so broad that it leads to content-and-viewpoint-based discrimination and arbitrary enforcement by

1

law enforcement officials, as happened to Plaintiffs on February 6, 2009. Plaintiffs desire to protest in the City of St. Louis without fear of being arrested, taken into custody, or detained for engaging in activity protected by the First and Fourteenth Amendments.

2. Plaintiffs contend that § 17.16.270 of the St. Louis City Revised Code impermissibly infringes upon free speech rights as set forth in the First Amendment to the Constitution of the United States and incorporated to the states and their municipalities by the Fourteenth Amendment.

3. As a result of Defendant's enactment of § 17.16.270 and the lack of clarity about what speech is criminal under the ordinance, Plaintiffs have been, and are, chilled in their efforts to engage in protected speech activities inspired by their political beliefs within the City of St. Louis. Unless the ordinance is declared unconstitutional and Defendant and its agents are enjoined from enforcing the ordinance, Plaintiffs will in the future be irreparably harmed and effectively chilled from expressing their political beliefs through non-disruptive, non-disorderly picketing and protests that are protected by the First and Fourteenth Amendments.

4. This action seeks entry of a declaratory judgment finding that § 17.16.270 is unconstitutional as well as preliminary and permanent injunction prohibiting the enforcement of this criminal ordinance.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983.

6. Venue lies in the United States District Court for the Eastern District of Missouri because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the City of St. Louis, Missouri. 28 U.S.C. § 1391(b)(2).

7. Divisional venue is in the Eastern Division because the events leading to the claim for relief arose in the City of St. Louis. E.D.Mo. L.R. 2.07(A)(1), (B)(1).

## PARTIES

8. Plaintiff Donald E. Stahl is a resident of Missouri.

9. Plaintiff William Demsar is a resident of Illinois.

10. Defendant, City of St. Louis, Missouri, is a municipality and political subdivision of the State of Missouri.

11. At all relevant times, Defendant and its officers and agents were acting under color of state law.

## ORDINANCE AT ISSUE

12. § 17.16.270 of the St. Louis City Revised Code reads as follows:

Demonstrations on or near a street.

No person shall sell or offer for sale any goods or merchandise, display any sign or pictures, participate in or conduct an exhibition or demonstration, talk, sing or play music on any street or abutting premises, or alley in consequences of which there is such a gathering of persons or stopping of vehicles as to impede either pedestrians or vehicular traffic.

## FACTUAL ALLEGATIONS

13. On or about February 6, 2009, Plaintiffs engaged in picketing on an enclosed walkway over I-55 at Park Avenue. During such picketing, Plaintiffs held opposite ends of a banner reading "911 WAS AN INSIDE JOB!" Plaintiffs were not impeding pedestrian or vehicular traffic.

14. An officer with the St. Louis Metropolitan Police Department approached Plaintiffs and asked to see the banner. After reading the banner, the police officer ordered Plaintiffs to leave.

15. Plaintiffs refused to leave and were placed under arrest. The police officer confiscated Plaintiffs' sign and the frame for the sign. The sign and frame were destroyed and not returned to Plaintiffs.

16. Two additional police officers and a police supervisor appeared on the scene. The supervisor approved Plaintiffs' arrest.

17. The police officers handcuffed Plaintiffs, took them into custody, and detained them for several hours under the purported authority of St. Louis City Revised Code § 17.16.270.

18. Section 17.16.270's broad terms lends itself to, and in fact results in, arbitrary and discriminatory enforcement.

19. Upon information and belief, the enforcement of § 17.16.270 against Plaintiffs was based on the viewpoint of Plaintiffs' message.

20. The continued existence of and the ability of the police to enforce § 17.16.270 in an arbitrary and discriminatory manner have chilled Plaintiffs from exercising the First Amendment rights in the City of St. Louis.

## COUNT I

*Declaratory Judgment that § 17.16.270 is Unconstitutional*

*Under the Free Speech Provisions of the First Amendment*

21. Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

22. Section 17.16.270 is an invalid time, place, and manner restriction.

23. Defendant has no legitimate, significant, or other interest to support § 17.16.270 restrictions on speech.

24. Section 17.16.270 is not narrowly tailored to achieve any significant government interest.

25. Section 17.16.270 is unconstitutionally over-broad.

26. Section 17.16.270 is unduly vague such that reasonable persons and law enforcement officers are not on notice as to precisely what conduct is prohibited.

27. Section 17.16.270 fails to leave open ample alternative for Plaintiffs' speech.

WHEREFORE, Plaintiffs pray this Court:

A. Enter declaratory judgment finding § 17.16.270 of the St. Louis City Revised Code unconstitutional;

B. Upon proper motion, issue preliminary and permanent injunctions enjoining enforcement of § 17.16.270;

C. Award Plaintiffs costs, including reasonable attorneys fees, pursuant to 42 U.S.C. §1988; and

D. Allow such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

ACLU of Eastern Missouri

/s/ Anthony E. Rothert
Anthony E. Rothert, EDMO Bar #518779
ACLU of Eastern Missouri
454 Whittier Street
St. Louis, Missouri 63108
(314) 652-3114 Telephone
(314) 652-3112 Facsimile